■ EPHRAIM ROSENBAUM, Appellant, v MARY ROSENBAUM, Respondent.—Order, Supreme Court, New York County (Hortense W. Gabel, J.), entered July 10, 1986, which denied plaintiff's motion to excuse his default in failing to appear in opposition to a motion to confirm a Referee's report and granted defendant's cross motion for entry of a judgment for arrears in maintenance and child support, and the judgment (same court), entered thereon July 24, 1986, unanimously reversed, on the law, on the facts and in the exercise of

discretion, the motion to excuse the default granted, the cross motion denied, the judgment vacated and the matter remanded to the Supreme Court for disposition on the merits as to defendant's motion to confirm, with leave to plaintiff to appear in opposition thereto and/or to move to reject said report and recommendations, without costs or disbursements.

On review of the record, we agree that Special Term erred in denying plaintiff's motion to excuse his default in failing to appear in opposition to the motion to confirm the Referee's report. Sufficient excuse and a meritorious defense were shown to warrant vacatur of the default. Apparently, plaintiff's former attorney, who has since been suspended from practice, did submit opposing papers which were not considered on the motion. This is not contradicted.

Moreover, it clearly appears that Special Term, in directing entry of a judgment for arrears in maintenance and child support, exceeded the scope of the issues presented by the parties. There was no motion for an increase in child support, the only application being one for an increase in maintenance. The April 13, 1984 order, which referred the matter to a Special Referee to hear and report, limited the hearing to "the financial circumstances of the parties, whether defendant is capable of working, and the extent, if any, to which plaintiff's obligation to support defendant should be modified." Nevertheless, the Referee mistakenly recommended that "child support be increased in two stages", suggesting that "alimony" be increased to $67.50 weekly, effective October 18, 1983, and to $77.50 weekly as of November 1984.

Special Term, in denying plaintiff's motion to vacate and excuse the default, improperly referred to plaintiff's failure to pay the increased "alimony and support". However, the issue as to child support was never presented and could not have been referred to the Referee. We conclude that the Referee's allusion to child support was inadvertent and mistaken since that issue was not before the court. As such, it was improper for Special Term to grant an upward modification of maintenance and child support.

In addition, Special Term's February 3, 1986 decision focuses solely upon whether plaintiff "can afford to pay the sums recommended by the Special Referee", without any discussion of the preliminary, critical issue of whether there was a change in circumstances, a condition precedent to either an upward or downward modification in maintenance. Concur —Kupferman, J. P., Carro, Kassal and Rosenberger, JJ.